IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **REGINALD ANTHONY LASLEY,** | * | |
| Petitioner | * | Crim. No.    PJM 98-011 |
| v. | * | Civil No.    PJM 16-2195 |
| **UNITED STATES OF AMERICA** | * | |
| Respondent | * | |

**MEMORANDUM OPINION**

Reginald Anthony Lasley, through counsel, has filed a Motion to Correct Sentence Under 28 U.S.C. § 2255. ECF No. 30. For the reasons stated below, the Court **DENIES** his Motion.

On January 23, 1998, Lasley pled guilty to three counts of bank robbery and one count of aiding and abetting. On April 1, 1998, this Court sentenced him to a 188-month prison term and three (3) years of supervised release. While on supervised release, Lasley committed a series of crimes and was charged with three counts of bank robbery, in violation of 18 U.S.C. § 2113, one count of interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951, and violating his supervised release. Lasley was appointed counsel to represent him in these new charges.

On October 15, 2012, Lasely and the United States Attorney for the District of Maryland agreed to a plea agreement that resolved both the new charges and the violation of supervised release, and recommended a combined sentence of 25 years. This recommended sentence was based on a finding that Lasley was a career offender within the meaning of U.S.S.G. § 4B1.1. However, the United States Probation Office ("USPO") indicated that the plea agreement miscalculated Lasley's sentence and criminal history category, since Lasley did not qualify as a

career offender because his prior crimes were time barred. USPO stated that his actual guideline range was 87 to 108 months. Nevertheless, USPO recommended that the Court impose an upward departure from the guideline range under U.S.S.G. § 4A1.3(a)(1) due to the inadequacy of Lasley's criminal history category and sentence him as if he qualified as a career offender.

On October 22, 2013, Lasley and the United States Attorney for the District of Maryland agreed to a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that reflected that Lasely was not a career offender and stipulated a sentence of eighteen (18) years of imprisonment. In accordance with the agreement, the Court sentenced Lasley to a total of eighteen (18) years imprisonment, sixteen (16) years imprisonment for the new charges and two (2) years imprisonment for the violation of supervised release. Lasley did not appeal his conviction for violating supervised release, nor did he file a Motion for Writ of Habeas Corpus under 28 U.S.C. § 2255.

On February 29, 2016, the Office of the Federal Public Defender notified Chief Judge Blake of the District Court of Maryland that Lasley was one of 459 defendants it had identified as possibly being eligible for relief under 28 U.S.C. § 2255 on the grounds that the new rule of constitutional law announced in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), might apply to his case. ECF No. 29. Chief Judge Blake agreed and appointed the Federal Public Defender to assist Lasley in preparing a § 2255 proceeding. *Id.* On June 17, 2016, the present motion was filed. The Government did not file a response.

Lasley argues that, in light of the Supreme Court's recent decision in *Johnson*, he is no longer a career offender, since his violation of supervised release by committing the crimes of robbery and aggravated assault no longer qualify as career offender predicates. In *Johnson*, the

Supreme Court struck down the Armed Career Criminal Act's ("ACCA") residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. Lasley argues that it follows from *Johnson* that the identical residual clause in the career offender provision of the Sentencing Guidelines (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness.

*Johnson* is inapplicable to Lasley's conviction for two reasons. First, on March 6, 2017, the Supreme Court held in *Beckles v. United States*, __ U.S.__, 137 S. Ct. 886 (2017) that *Johnson* does not apply to U.S.S.G. § 4B1.2(a)(2) because, unlike the ACCA, the Guidelines are advisory only. Thus, challenges under § 2255 to sentences imposed under the sentencing guidelines are not subject to *Johnson* challenges. Second, even if *Johnson* did apply to the Sentencing Guidelines, *Johnson* would be inapplicable to Lasley's claims. As explained above, Lasley was not sentenced under the career offender provision of the Sentencing Guidelines, but rather under the upward departure provision under U.S.S.G. § 4A1.3(a)(1).

For these reasons, Lasley's Motion to Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**.

A separate Order will **ISSUE**.

_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**September 27, 2017**